# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00165-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DANIEL WILLIAM ALLMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 763].

**I.  BACKGROUND**

In October 2006, the Defendant Daniel William Allman pled guilty to one count of conspiracy to possess with intent to distribute a quantity of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime. [Doc. 186]. In June 2007, the Court sentenced him to a total term of 111 months of imprisonment. [Doc. 386]. The Defendant was released from prison in August 2014 and began a term of supervision. In December 2017, the Court revoked his term of supervision due to drug and alcohol use and for new law violations for maintaining a dwelling for the distribution of controlled substances, possession of

marijuana, and possession of a Schedule I controlled substance. [Doc. 744]. The Defendant was sentenced to 14 months of imprisonment and an additional two years of supervised release. [Id.]. The Defendant served this sentence and was released on a second term of supervision in August 2018. In May 2020, the Defendant's supervised release was again revoked due to new law violations for attempted possession of a firearm by a felon and possession of methamphetamine with intent to sell or deliver. [Doc. 757]. The Defendant was sentenced to a term of 30 months of imprisonment with no further term of supervised release. The Defendant is currently housed at FCI Coleman Low, and his projected release date is January 24, 2022.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the amount of time that he has already served, the ongoing COVID-19 pandemic, his age, and a number of health conditions. [Doc. 763]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction.

---

[1] See https://www.bop.gov/inmateloc/ (last visited May 26, 2021).

[Id.]. The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Apr. 5, 2021]. The Government filed its response on April 28, 2021. [Doc. 765]. Despite being given the opportunity to do so [see Text-Only Order entered Apr. 30, 2021], the Defendant has not filed a reply.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons."  First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia."  U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

4

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.  In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence.  See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)").  Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise."  Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).  Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants."  Id. at 282 n.7.

Here, the Defendant claims that due to his age (60) and a number of conditions—including Type II diabetes, hypertension, chronic periodontitis, chronic pain, anxiety, and depression—he is at an increased risk of serious illness or death were he to contract COVID-19.  The Centers for Disease

5

Control and Prevention (CDC) has identified Type II diabetes as a COVID-19 risk factor.[2]  The CDC also has cautioned that people with hypertension *might* be at an increased risk for severe illness from COVID-19.[3]  While the Government concedes that these health risks ordinarily could constitute extraordinary and compelling reasons for a possible sentence modifications, it argues that these health risks have been mitigated by the fact that the Defendant has been fully vaccinated against the virus.  [Doc. 765 at 4; Doc. 765-1].  As the CDC has noted, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines can reduce the risk of COVID-19, including severe illness, among people who are fully vaccinated by 90 percent or more.[4]  As the vaccine has significantly reduced (if not eliminated) the risk of serious illness for the Defendant, the Court concludes that he cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release.

---

[2]  See  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 26, 2021).

[3] See id.

[4] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited May 26, 2021).

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant is currently serving a sentence for his second violation of the terms of supervised release. Both times, his supervised release was revoked for drug trafficking offenses. The Defendant's continued criminal activity while on supervision indicates that the 30-month term of imprisonment he is currently serving is necessary to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release [Doc. 763] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge